WESTCHESTER COUNTY. — HON. OWEN T. COFFIN, SURROGATE.—December, 1884.

## MEAD v. MILLER.

*In the matter of the estate of* CATHARINE S. MORELL, *deceased.*

Upon an accounting by the executors of the will of decedent, the citation was served upon one of the next of kin of the latter, who was a resident of the county, but was at the time absent in England, by leaving a copy at her residence, with a person entrusted by her with its charge, of the age of about sixty years, on the 5th day of August. The citation was returnable on the 22d day of September, following, and a decree was not entered until the expiration of two months from the return day.—

*Held,* that the service was made "under such circumstances that the Surrogate had good reason to believe that the copy came to her knowledge in time for her to attend at the return day," as required by Code Civ. Pro., § 2520, and that the decree rendered in the proceedings, wherein the party so served failed to appear, was binding upon her.

CATHARINE S. MORELL left a will, by which, among other things, she gave to her husband, General George W. Morell, the use of a mortgage of $25,000, and the use of the proceeds, if paid in, during his life. At his death, $5,000 of the sum was given to St.

Mary's church, at Beechwood, Westchester county. This church, it is now alleged, was not then incorporated, but became so in July, 1883, under the corporate name of "The rector, churchwardens and vestrymen of St. Mary's church, Beechwood, in the town of Mt. Pleasant and county of Westchester." General Morell and George M. Miller were the executors of the will, and, December 22d, 1882, filed their account of proceedings in this court, on which a decree was then entered, directing the executors, among other things, to pay the interest of said bond and mortgage, or of the proceeds thereof, to said General Morell, during his life, and at his death to pay $5,000 thereof to said "St. Mary's Protestant Episcopal church." Jane C. Mead, one of the next of kin of the deceased, who had a home and residence in said town of Mt. Pleasant, near said Beechwood, but who was then, and for some time had been, in Europe with her children, was, in August, 1882, cited to attend the accounting; the citation being served on her by delivering a copy of it to a person of suitable age and discretion, at her said dwelling house, of which due proof was furnished. George V. N. Baldwin, a lawyer in the city of New York, was the attorney in charge of all of Mrs. Mead's business during her absence. He and Mr. Miller, one of the executors, had frequent conversations and communications, in regard to the accounting proceedings, while they were pending, and before the decree was entered. Subsequently, General Morell having died, the surviving executor commenced an action in the Supreme Court, for the construction of the will, in so

far as the validity of the bequest to the church was concerned. Judge VAN VORST dismissed the complaint on the ground that the matter had been adjudicated by this court, whose decree stood unreversed. Mrs. Mead, under these circumstances, made an application to this court to open the decree, in order to the reconsidering of the question, as to the validity of the bequest.

GEO. V. N. BALDWIN, *for petitioner.*

GEORGE M. MILLER, *executor, in person.*

F. LARKIN, *for St. Mary's church.*

THE SURROGATE.—The chief question for consideration is, whether the service of the citation upon Mrs. Mead was so made as to render the decree binding upon her. Section 2520 of the Code provides for the service of the citation by leaving a copy at the residence of the party to be cited, with a person of suitable age and discretion, if he be absent, under such circumstances that the Surrogate has good reason to believe that the copy came to his knowledge, in time for him to attend at the return day. In this case, it appears, by the proof of service, that, in the absence of Mrs. Mead, a copy was left at her residence, with a person entrusted by her with its charge, of the age of about sixty years, on August 5th, 1882, which citation was returnable on September 22d, following; there being about seven weeks between the date of service and the return day. It is said Mrs. Mead was, at the time, in England. Suppose the petition had shown that she was then domiciled

in that country; then, as prescribed by statute, service would have been made upon her by publication of the citation for six weeks and mailing to her a copy. Under these circumstances, there was good reason to believe that the copy came to her knowledge in time for her to attend personally, or by counsel, on the return day. But the decree complained of was not actually entered until two months from the return day had elapsed. Thus, there was ample time afforded for the protection of her interests. The facts disclosed by the affidavits presented on this motion confirm and justify the belief entertained by the court on the return day, that the copy came to her knowledge in due time. The affidavit of Mr. Baldwin states that it was well known to both of the executors of Mrs. Morell that he, Mr. Baldwin, was the attorney for Mrs. Mead and had entire control of her estate during her absence, and that he, representing Mrs. Mead, and the executors had many conferences relating to the estate of Mrs. Morell. It follows that he must have been in communication with Mr. Beck, who had charge of Mrs. Mead's property at Scarborough, near Beechwood, and with whom the copy of the citation was left. It further appears, from the affidavits, that Mr. Miller, the surviving executor, and Mr. Baldwin, the attorney for Mrs. Mead, pending the accounting proceeding, had frequent conferences in regard thereto, and frequently exchanged written communications on the subject of the adjournment of the same, from time to time.

The decree is, therefore, binding upon Mrs. Mead, unless some error of fact, fraud or mistake were com-

mitted, entitling her to relief.  But none such are
alleged, nor is the motion based upon any such
ground.  The allegation is that the decree contained
a direction to pay a legacy to a religious society which
was not then incorporated, and which was not, there-
fore, competent to take it.  If that be true, it was an
error of law, which this court has no power to rehear,
or review.  As Judge VAN VORST well says, in his
opinion dismissing the complaint in the action to
obtain a construction of the will, "the decree still
stands unreversed.  It cannot be questioned here, as
the Surrogate has jurisdiction.  If dissatisfied with
the decree, the complaining parties should have
appealed."

In the similar case of Singer v. Hawley (*ante,* 571),
I have just held that I cannot open a decree on
account of the commission of alleged errors of law.

Motion denied.